## McDONALD v. FOREMOST DAIRIES, Inc.
### No. 13592.

United States Court of Appeals
Fifth Circuit.

Nov. 20, 1951.

R. Guy Carter, Dallas, Tex., for appellant.

Lucian Touchstone, Dallas, Tex., for appellee.

Before HUTCHESON, Chief Judge, and BORAH, and STRUM, Circuit Judges.

STRUM, Circuit Judge.

Appellant, as plaintiff below, sued to recover damages for personal injuries sustained by him when his automobile was overturned as a result, so he alleges, of the negligent operation of defendant's delivery truck. Defendant denies negligence on its part, and charges that plaintiff's contributory negligence was the sole proximate cause of his injuries. At the close of all the evidence, the trial judge granted defendant's motion for a directed verdict in its favor, which plaintiff asserts was error.

At the time of his injury, plaintiff was driving his Chevrolet automobile in an easterly direction from Fort Worth toward Dallas, during clear daylight hours, along highway No. 183, a heavily traveled highway connecting said cities. Defendant's delivery truck was approaching said highway No. 183 from the south on North Brittain Road where the latter enters highway No. 183 at an angle of about 45 degrees. After making a complete stop at the intersection, the truck driver crossed from the south to the northerly side of highway No. 183, and turned left toward Fort Worth. When defendant's truck thus entered the intersection, plaintiff's automobile was about 300 feet west of the intersection, traveling eastward at about 50 to 60 miles per hour, and had started to pass a Ford automobile, also traveling eastward toward Dallas. When plaintiff saw the truck enter the intersection ahead of him and turn west toward Fort Worth, he became apprehensive of a collision, applied his brakes, and turned his car sharply to the right and off the highway, which caused plaintiff's car to turn over several times, thus injuring plaintiff. There was no actual collision between plaintiff's car and the truck.

Plaintiff concedes that had he stopped on the pavement and behind the Ford car traveling ahead of him, he would not have been injured. His claim is that being confronted with a sudden emergency as a result of the alleged negligent operation of the truck, he made a reasonably prudent decision to leave the highway in order to ensure his safety, but that his decision turned out disastrously.

Even though defendant's truck was brought to a full stop before entering highway No. 183, whether or not in view of the location and speed of plaintiff's car and other cars approaching from the west, the truck driver acted with reasonable prudence in entering the highway ahead of them, as he did; whether or not plaintiff was placed in a situation of sudden emergency by the action of the truck driver in thus entering the highway, and if so whether or not plaintiff acted as a reasonably prudent person in such emergency, or *per contra* was guilty of contributory negligence in turning off the highway as he did; the width and character of the intersection involved, and the angle of approach to the intersection, as well as traffic conditions at the time, all are matters to be weighed, compared, and considered in the light of all the circumstances. On the evidence here presented, reasonable minds might differ. It is therefore for a jury to say whether or not the conduct of the parties in these circumstances was that of reasonably prudent persons,—and if not, then which of them failed in his duty to exercise reasonable care and prudence. Ford v. Southwestern Greyhound Lines, 5 Cir., 180 F.2d 934; Baltimore & O. R. Co. v. Poston, 85 U.S.App.D.C. 207, 177 F.2d 53.

We express no opinion as to whether or not defendant was guilty of negligence,

or the plaintiff guilty of contributory negligence. We are clearly of the opinion, however, that the circumstances here involved present a typical jury question and that it was error to direct a verdict for the defendant.

Reversed.